## McMasters *v.* Dunbar et al.

Where a promissory note is payable, on its face, to the tutor of minors, it is notice that the obligation belongs to the minors, and a holder can acquire, by taking it, no rights adverse to the parties in whose interest the restriction is made.

In an action by the holder of a promissory note, payable to a party as tutor of certain minors, endorsed in blank by the latter, it is incumbent on the plaintiff to establish any matter of account between the tutor and the minors, which may constitute a *bonâ fide* ownership of the note in the plaintiff.

Where the under-tutor of a minor intervenes in an action by the holder against the maker of a note, secured by mortgage, payable to the tutor, alleging that the transfer of the note by the tutor was illegal, not having been made for money, nor for any thing which enured to the benefit of the minor, and that, though the minor is still subject to the tutorship, the interest of the tutor, as transferror of the note, are adverse to the minors, no execution will be allowed to issue for the amount due to the minor. *Per Curiam:* The tutor not being a party to the suit cannot be removed, and he ought not to be permitted to receive the amount; nor ought it to be paid to the under-tutor, who instituted the intervention.

---

*Re-hearing refused.*

MCMASTERS
v.
DUNBAR.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. McMasters, the transferree, instituted this action against the makers of the following note:

$3,080 37½.                              Alexandria, La. March 15th, 1841.

On the second day of February, 1843, we jointly and severally *(in solido)* promise to pay to the order of *Carter Beaman*, tutor of *Mary Eliza Beaman* and *Carter Beaman, jr.*, the sum of three thousand and eighty dollars, thirty-seven and a half cents, payable at the office of discount and deposit of the Bank of Louisiana, at Alexandria, with interest thereon, at the rate of ten per cent per annum, after maturity, until paid.

WM. DUNBAR,
CHAS. JONES.

(Endorsed)        CARTER BEAMAN,
PETER CONREY.

For value received I transfer the within to *McMasters & Bro.* April 3d, 1845.
PETER CONREY.

The note was secured by mortgage, and *paraphed* by the notary. Several payments were credited upon it.

*Mary Eliza Beaman*, authorised and assisted by her husband, and the under-tutor of *Carter Beaman, jr.*, the other minor, intervened, alleging that the note sued on was payable to their tutor and is their property; that any transfer thereof to the plaintiff, or any other person, was illegal and void; because not made on receiving the amount thereof in money, nor in any thing else that has enured to the benefit of the minors; that *Mary E. Beaman*, since her marriage, is alone entitled to recover one-half of the amount due on the note, and that the other half can only be recovered for the use of *Carter Beaman, jr.*, who is still a minor under the natural tutorship of the said *Carter Beaman*, his father, but whose interest as the transferror of said note, is opposed to that of his minor son. They pray for a judgment rejecting plaintiff's claim, and condemning the defendants, *in solido*, to pay to the petitioners the balance due on the note; and that the mortgage be recognised and enforced. The defendants, in answer to the petition and to the intervention, acknowledged their liability for the balance claimed on the note, but averred that, in consequence of the conflicting claims of different parties, they do not know to whom they should pay, and prayed for a decision upon the rights of the claimants. The plaintiff prayed that the intervention might be dismissed.

The note and mortgage were offered in evidence; the signatures of *Carter Beaman* and *Peter Conrey* were admitted. It was also admitted, that demand of payment of the note was duly made, and that plaintiff was entitled to any right to the note which *McMasters & Brother* had. Certain credits were also acknowledged. There was a judgment below in favor of the intervenors against the defendants, for the balance due on the note, from which the plaintiff appealed.

*Van Dalson* and *Grymes*, for the appellant. *Lewis* and *Bermudez*, for the intervenors. The judgment of the court was pronounced by

EUSTIS, C. J. This note, being on its face payable to the order of a tutor of minors, under the rule settled in the case of *Nicholson* v. *Chapman*, 1 Annual Reports, 223, we must hold this designation as notice that the obligation belonged to the minors; and that the holder can acquire, by taking it, no rights adverse to the parties in whose interest the restriction is made.

We concur with the judge of the District Court in the opinion that, any matter of account between the tutor and the minors, which would constitute a *bona fide* ownership of the note in the plaintiff, it was incumbent on him to establish. Nothing of the kind has even been attempted; indeed there is no evidence of the consideration, or circumstances under which the plaintiff became possessed of the note.

A suggestion has been made by one of the defendants, that the portion of the debt belonging to the minor, *Carter Beaman, jr.*, ought not to be paid into the hands of the under-tutor, who has instituted the intervention. In this we concur. The tutor not being a party to this suit, we do not feel ourselves authorised to remove him from office. But, as the matter stands before us, he ought not to be permitted to receive the amount; and, if the allegations of the petition of the intervenors be true, and the representations of their respectable counsel be well founded, the interests of the minor ought to be entrusted to other hands.

The judgment of the District Court is therefore affirmed, with costs. No execution is to issue for the half of the debt due to the minor, *Carter Beaman, jr.*, until the further order of this court.